UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAOUROU BIZOUNOUYA,

              Plaintiff,

-against-

UNITED STATE POST SERVICES,

              Defendant.

24-CV-4812 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that his rights were violated. He sues the "United State Post Services," which the Court understands to be the United States Postal Service. By order dated July 5, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint.[1] On March 22, 2024, Plaintiff went to the United States Post Office branch located at 1449 West Avenue in Bronx, New York, to mail a document. Plaintiff and a clerk had a disagreement about an envelope, and the clerk's behavior became "unbearable." (ECF 1, at 1.) She told Plaintiff not to come there and that she would not serve him. Plaintiff then overheard the clerk loudly talking to another employee, referring to Plaintiff as "the "F***K African guy" and stating that he should "go back to where

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[he] c[a]me from." (*Id.* at 2.) Shortly afterwards, the other customers left and one of the employees locked the door, leaving Plaintiff as the only person remaining in the lobby. (*Id.* at 2.)

"Suddenly the light went off," and Plaintiff became "totally confused and afraid." (*Id.* at 2.) In the dark, Plaintiff then "remembered bad memories," including memories of a 2015 terrorist attack in Burkina Faso in which Plaintiff's friend was killed and an armed robbery in the Bronx. Plaintiff believed this event at the Post Office was a terrorist attack also, or maybe a robbery attempt. When Plaintiff realized it was not a robbery or terrorist attack, he threatened to call the police. The same clerk who had previously yelled at Plaintiff told him to leave and that he could not call the police.

Plaintiff asserts that the Post Office employees "hate[d]" him because he is a "Black African" and that this hatred was "the reason they turn[ed] off the light, to prevent the clerk from serving [him]." (*Id.* at 3.) Plaintiff also asserts,

> [T]he complicity of the clerk, knew very well that he was unable to read in the dark. He could go and turn on the light or tell me I cannot read in the dark. Take your documents, but no, he decided to scam. . . . [H]e charges me amount of $9.95.

(*Id.* at 3.)

Plaintiff alleges that these were "important court documents" and that he "paid for the letter, [he] paid for certified mail, [he] paid for the return receipt." (*Id.* at 3.) Plaintiff tracked the document, but the letter never moved from the post office." (*Id.* at 4.) He asserts that "for revenge on the unwanted immigrants, in United States of America, they did not enter any information in their computer. Worse, they intentionally removed my documents, and put them aside for more than three (3) weeks." (*Id.* at 4.)

3

Plaintiff alleges that, as a result of being in the dark at the Post Office, he has experienced "a persistence of fear, shaking, palpitation and anxiety" and has had to go to the emergency room. (*Id.* at 4.)

On March 22, 2024, Plaintiff reported his allegations of "discrimination, harassment, and mistreatment concerns" to the "claims department," and was assigned Claim No. 62069104. (*Id.* at 4-5.) A "claim department worker" told Plaintiff that "management" would call him in three days. (*Id.* at 5.) On March 27, 2024, Plaintiff again called the Post Office and appears to have filed another complaint, which was assigned Claim No. 62217432. Plaintiff was again told that he would receive a call from "management." (*Id.* at 5.) Plaintiff appears to allege that a "claim department worker" also told him that they would "send[] the report to the Consumer Affairs Office in Brooklyn." (*Id.* at 5.) Plaintiff called the "Brooklyn Office" on May 13, 2024, and left a voicemail. (*Id.* at 5.) Plaintiff alleges that all his "calls and voice mail" were ignored. (Id. at 5.)

Plaintiff lists nine "cause[s] of action" that include "incriminat[ing]" him; defamation; causing him "psychological mental trauma stress"; emotional distress; "discrimination treatment"; "retaliation"; and "punitive damages." (*Id.* at 5-7.)

Plaintiff seeks $3,000,000.00 in damages.

## DISCUSSION

### A.   Sovereign Immunity

Any claims Plaintiff may be asserting against the United States Postal Service ("USPS") are barred under the doctrine of sovereign immunity. The doctrine bars federal courts from hearing all suits against the federal government and its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a

4

suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The USPS is a federal agency that enjoys sovereign immunity. *See Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver.").

The Court therefore dismisses Plaintiff's claims against the USPS under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

B.  **Federal Tort Claims Act**

The Federal Tort Claims Act ("FTCA") provides a waiver of sovereign immunity for certain claims arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). The Court therefore construes Plaintiff's claims as brought against the United States of America.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claims. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Specifically, before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within

5

six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a).

Congress, however, carved out exceptions to the FTCA's waiver of sovereign immunity, including the "postal matter exception," which preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see Dolan*, 546 U.S. at 485; *Raila v. United States,* 355 F.3d 118, 119 (2d Cir. 2004). To the extent Plaintiff is seeking to assert tort claims under the FTCA arising from USPS employees' mishandling or negligent transmission of his letters, those claims fall within the postal matter exception to the FTCA and are therefore barred by sovereign immunity.

Inasmuch as Plaintiff's allegations can be construed as asserting claims for damages under the FTCA against the United States arising from torts other than those relating to the negligent handling of his mail, he has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written determination before bringing this action; nor has he alleged facts showing that it has been more than six months since he has filed such an administrative claim. Although Plaintiff alleges that he made phone calls to the "complaint department," he does not allege that he filed the appropriate claim with the federal agency or that any claims he submitted specified the amount of damages sought as required by the FTCA.

To satisfy the exhaustion requirement, a plaintiff must present a claim to the appropriate federal agency and allege a specific dollar amount of damages—a "sum certain"—in the administrative complaint. 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain."); *see*

6

also *Adams v. U.S. Dep't of Hous. and Urban Dev.,* 807 F.2d 318, 320–21 (2d Cir. 1986); *see Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 469-70 (E.D.N.Y. 2013) ("[The] numerous letters" the plaintiff submitted to USPS supervisors and members of Congress "provide no evidence that he submitted a Standard Form 95 to any federal agency alleging any tortious conduct.").

As Plaintiff does not allege or show that he exhausted his claims prior to bringing this action, the FTCA does not provide a waiver of sovereign immunity in this case. Therefore, Plaintiff's claims, which are construed as brought against the United States, are barred under the doctrine of sovereign immunity.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege facts showing that he exhausted a claim under the FTCA by filing an administrative claim with the appropriate agency with respect to torts other than those relating to the negligent handling of his mail, the Court grants Plaintiff 30 days' leave to file an amended complaint to state facts in support of any FTCA claim against the United States he wishes to pursue.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  November 20, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge